IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 13-51808 G |
| TOOTIE PIE COMPANY, INC., | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

### MOTION OF FORD MOTOR CREDIT COMPANY LLC FOR RELIEF FROM AUTOMATIC STAY AGAINST PROPERTY OF THE ESTATE

**FORD MOTOR CREDIT COMPANY LLC** ("Movant"), a creditor (lessor) and party in interest in this bankruptcy case, files this Motion for Relief from Automatic Stay Against Property of the Estate, and Movant represents to the Court as follows:

A. <u>BACKGROUND</u>

1. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§1334 and 157(b) and 11 U.S.C. §§ 361 and 362. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. The Debtor filed a Chapter 11 Voluntary Petition on July 3, 2013.

3. On or about November 30, 2010, the Debtor executed and promised to pay, according to the terms thereof, one certain Motor Vehicle Lease Agreement (the "Lease") for the lease of a 2011 Lincoln MKZ, vehicle identification number 3LNHL2GC9BR759668 (the "Vehicle"). Movant properly perfected its security interest in the Vehicle, as evidenced by a Texas Certificate of Title. True copies of the Lease and title are attached to Movant's timely filed proof of claim and additional copies shall be provided upon request.

4. The following is a breakdown of the indebtedness claimed to be due and owing to Movant:

| | | |
|---|---|---|
| (a) | Monthly Lease payment: | $ 569.00 |
| (b) | Pre-petition payments due:<br>*Contractual due date: 6/04/13 | $ * |

 (c) Other pre-petition charges due: $ 853.60

 (d) Post-petition payments due: $ **
  **Contractual due date: 6/04/13

 (e) Net balance at time of filing: $5,974.60

5. Movant and the Debtor have filed an Agreed Motion for Rejection of the Lease (Doc. #65) which is pending before the Court, and the Vehicle has been voluntarily surrendered to Movant.

6. Debtor's actions have caused Movant to retain the legal services of GOODE CASSEB JONES RIKLIN CHOATE & WATSON, a Professional Corporation, to represent them in this matter, and Movant has incurred and will incur reasonable attorney's fees and costs for the preparation of this Motion and proposed Order, negotiations with the Debtor, and attendance at the hearing, if required.

## B. RELIEF FROM THE AUTOMATIC STAY

7. 11 U.S.C. § 362(d) provides, in pertinent part, that the automatic stay imposed by § 362 may be terminated, annulled, modified or conditioned for the following reasons:

 (a) for cause, including the lack of adequate protection of an interest in property of such party in interest, or

 (b) with respect to a stay of an act against property under subsection (a) of this section, if---

  (1) the Debtor does not have any equity in such property; and

  (2) such property is not necessary for an effective reorganization.

## C. DEBTOR LACKS EQUITY IN THE PROPERTY AND THE PROPERTY IS NOT NECESSARY FOR REORGANIZATION

8. Debtor lacks equity in the Vehicle because this is a lease account and the Lease termination date is February 28, 2014.

9. The Vehicle is not necessary for an effective reorganization because the Debtor desires to reject the Lease and the Vehicle has been voluntarily surrendered to Movant.

10. Accordingly, Movant seeks an order terminating the automatic stay pursuant to 11 U.S.C. § 362(d)(2) because the Debtor does not have equity in the Vehicle and it is not necessary for an effective reorganization.

D. RELIEF; WAIVER OF BANKRUPTCY RULE 4001(a)(3)

Movant respectfully requests that this Court terminate the automatic stay pursuant to 11 U.S.C. §§ 362(d)(2) and that the stay of the Order pursuant to Bankruptcy Rule 4001(a)(3) be waived and, upon the entry of the Order, Movant be authorized to pursue any and all of its legal rights and remedies, whether created by contract or law, against the Vehicle, without further notice to the Debtor, Trustee, if any, or any other party in interest, including, but not limited to, the sale of the Vehicle; that the Order shall be binding upon Debtor in the event of a conversion of this case and on all successors in interest including, but not limited to, any Trustee appointed upon the conversion of this case; for reasonable attorney's fees and costs which shall be added to Movant's unsecured lease rejection claim, and for such other and further relief to which Movant may be entitled.

Respectfully submitted,

 /s/ Cathy A. Kelley
CATHY A. KELLEY
State Bar No. 00786014
GOODE CASSEB JONES
RIKLIN CHOATE & WATSON
A PROFESSIONAL CORPORATION
2122 North Main Avenue
Post Office Box 120480
San Antonio, Texas 78212
(210) 733-6030
(210) 733-0330 (Facsimile)

ATTORNEYS FOR FORD MOTOR CREDIT COMPANY LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of August, 2013, a true and correct copy of the foregoing Motion has been sent to the parties set forth in the attached served list by depositing same in the United States First Class Mail, postage prepaid, and to the parties set forth below by electronic service through the Court's electronic mailing system, in compliance with Bankruptcy Local Rule 9013.

Electronic Service on Parties Requesting Notice:

Holland N. O'Neil
Virgil Ochoa
Gardere Wynne Sewell, LLP
1601 Elm Street, Suite 3000
Dallas, TX 75201

J. Robin Lindley
Buck Keenan LLP
700 Louisiana, Suite 5100
Houston, TX 77002

Linebarger Googan Blair & Sampson, LLP
2323 Bryan St., Suite 1600
Dallas, TX 75201

John T. Banks
Perdue, Brandon, Fielder, Collins & Mott, LLP
3301 Northland Drive, Suite 505
Austin, TX 78731

Simon Property Group, Inc.
Attn: Ronald M. Tucker, Esq.
225 West Washington Street
Indianapolis, IN 46204

James A. Hoffman
Clemens & Spencer
112 East Pecan Street, Suite 1300
San Antonio, TX 78205

David McCall
Gay, McCall, Isaacks, Gordon & Roberts, P.C.
777 East 15th Street
Plano, TX 75074

                                                  /s/ Cathy A. Kelley
                                                  Cathy A. Kelley