**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| TOOTIE PIE COMPANY, INC. D/B/A | § | Case No. 13-51808 |
| TOOTIE GOURMET PIE CAFÉ | § | |
| | § | |
| **Debtor** | § | |

**DEBTOR'S RESPONSE AND OBJECTION TO TCA GLOBAL CREDIT MASTER FUND, LP'S AMENDED MOTION TO FILE DERIVATIVE LAWSUIT ON BEHALF OF THE DEBTOR'S ESTATE**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Tootie Pie Company, Inc. ("Debtor" or "Debtor-in-Possession"), the Debtor and Debtor-in-Possession in the above captioned case, hereby files this Debtor's Response Objection to TCA Global Credit Master Fund, LP's Amended Motion to File Derivative Lawsuit on Behalf of The Debtor's Estate (the "Motion") and in support of this Motion, the Debtor respectfully represents as follows:

**RESPONSE**

1. In numbered paragraph 1 of the Motion, Debtor admits that some of the directors claimed by TCA to have committed malfeasance currently control Debtor. Debtor denies the remainder of numbered paragraph 1 of the Motion.

2. Debtor admits numbered paragraph 2 of the Motion.

3. Debtor admits numbered paragraph 3 of the Motion.

4. Debtor admits numbered paragraph 4 of the Motion.

5. Debtor admits numbered paragraph 5 of the Motion.

6. Debtor admits numbered paragraph 6 of the Motion.

7. Debtor admits numbered paragraph 7 of the Motion.

8. Debtor contends that it may reject the obligation to repurchase the stock and pay rejection damages but otherwise admits numbered paragraph 8 of the Motion.

9. Debtor cannot admit or deny whether its response to the MSJ was due shortly before July 3, 2013, but otherwise admits numbered paragraph 9 of the Motion.

10. Debtor contends that it may reject the obligation to repurchase the stock and pay rejection damages but otherwise admits numbered paragraph 10 of the Motion.

11. Debtor admits numbered paragraph 11 of the Motion.

12. Debtor denies that it violated SEC rules in not having its books and records audited and denies that it was delinquent it its filings. Debtor denies it violated any covenant with TCA in that TCA was fully aware of the status of Debtor's financials and filings. Debtor admits the remainder of numbered paragraph 12 of the Motion.

13. Debtor admits certain kinds of defaults can trigger an 8k filing and denies the remainder of numbered paragraph 13 of the Motion.

14. Debtor admits it filed a 10Q on November 16, 2012. Debtor denies the remainder of numbered paragraph 14 of the Motion.

15. Debtor admits it filed a 10Q on February 15, 2013. Debtor denies the remainder of numbered paragraph 15 of the Motion.

16. Debtor denies numbered paragraph 16 of the Motion.

17. Debtor denies Don Merrill is on the board of directors or that he is a current officer of the company. Debtor admits that David Strolle, Cliff Rodgers, Dan Gostylo and Leslie Doss are the current board members for Debtor. Debtor admits that Leslie Doss was made president and CEO of the Debtor post filing. Debtor denies any of the for-mentioned are officers of the company other than Leslie Doss. Debtor admits that the persons who signs SEC filings

are responsible for their accuracy as provided for in SEC law. Debtor denies that it was the responsibility of any of the current board members to make, sign, or verify the Debtor's SEC filings. Debtor denies the remainder of numbered paragraph 17 of the Motion.

18. Debtor denies numbered paragraph 18 of the Motion.

19. Debtor denies numbered paragraph 19 of the Motion.

20. Debtor is currently investigating the claims in paragraph 20 and cannot admit or deny its accuracy.

21. In regard to numbered paragraph 21, Debtor admits TCA Global sent a copy of the Motion on June 29, 2013, at approximately 8pm and conferred with Debtor's counsel on that same day. Debtor further pleads that it is currently investigating TCA's claims and thus far finds no merit to the claims except possible claims against Don Merrill. Debtor denies the remainder of numbered paragraph 21 of the motion.

## **AFFIRMATIVE PLEADINGS**

22. Debtor objects to the Motion because there are no colorable claims against the current board members, none of which signed the alleged SEC filings and none of which were responsible for or charged with preparing any SEC filings or insuring their accuracy. Debtor further pleads that the claims brought by TCA are solely for the purpose of harassing the board into buying out TCA and would not serve the Debtor's estate, its creditors or the other equity holders. Debtor further pleads that Debtor has only been kept out chapter 7 bankruptcy through the goodwill of two of the current board members and current prosecution of these claims against the board of directors will send the Debtor into complete disarray, take away its most valuable funding source, and distract the management from accomplishing a reorganization plan to the detriment of the other creditors and equity holders.

23. Debtor further pleads that if TCA believes it has claims against the board members for fraud or misrepresentation, then it is within its right to bring a suit against those board members in its own name and outside the bankruptcy court. Debtor pleads that the requested derivative action is a subterfuge to attempt to drain resources from Debtor rather than for TCA to expend its own resources on its alleged claims. Debtor further pleads that if TCA brings suit against the board members and the board members successfully defend the suit, Debtor will be responsible for paying costs of the defense and such cost will substantial and will likely prevent the company from being able to reorganize. Debtor further pleads that TCA has already demanded its shares be purchased back from the Debtor and if Debtor elects to purchase back the shares, TCA will no longer be a shareholder and have capacity to bring the suit. Debtor contends the filing of any suit should be delayed for at least 120 days to see if TCA will continue to have capacity to bring such suit.

24. Debtor further pleads that if the Court permits TCA to bring suit against the directors, then the Court should order such suit be brought on a complete contingency fee basis so that the estate is not burdened with litigation that does not create a net benefit to the estate.

25. Debtor further pleads that the Court should abate TCA's Motion and reset it for hearing in 120 days to allow the directors to function without the distraction of litigation.

**PRAYER**

WHEREFORE, Debtor respectfully requests that the Court Deny TCA's Motion and grant Debtor further relief that the Court finds it is justly entitled. In the alternative, Debtor requests the Court:

1. Abate TCA's request and set it for hearing 120 days from the date of the hearing on the Motion;

2. If a suit is authorized, Order the suit be brought on a contingency fee basis whereby the attorney who agrees to prosecute the case is paid 40% of any actual recovery for Debtor's estate after expenses are paid first from the recovery; and

3. Grant Debtor further relief that the Court finds it is justly entitled.

Dated: September 25, 2013

> Respectfully submitted,
>
> By: /s/ Ronald J. Smeberg
> RONALD J. SMEBERG
> State Bar No. 24033967
>
> THE SMEBERG LAW FIRM, PLLC
> 11550 IH 10 West, Suite 180
> San Antonio, Texas 78230
> 210-695-6684 (Tel)
> 210-598-7357 (Fax)
> ron@smeberg.com
> ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on September 25, 2013, electronically by the Court's PACER system and on all parties on the attached service list.

> /s/ Ronald J. Smeberg
> RONALD J. SMEBERG

**SERVICE LIST**

**DEBTOR**

Les Doss
129 Industrial Dr.
Boerne, TX 78006

**GOVERNMENTAL ENTITIES**

U. S. Trustee
Attn: James Rose
P.O. Box 1539
San Antonio, TX 78295

U.S. Attorney
Attn: Bkcy Division
601 NW Loop 410, Suite 600
San Antonio, TX 78216

Attorney General of U.S.
Main Justice Bldg., Rm 511
10th and Constitution Ave., NW
Washington, DC 20530

Comptroller of Public Accounts
P. O. Box 149359
Austin, TX 78714

Internal Revenue Services
Special Procedures Branch
300 E. 8th St. STOP 5026 AUS
Austin, TX 78701

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101
Jolene M. Wise SEC
175 W. Jackson Blvd, Ste 900
Chicago, IL 60604

**SECURED CREDITORS**

AmeriCold Logistics, LLC
11850 Center Road
San Antonio, Texas 78223

TCA Fund Managment Group
C/O Bob Press, CEO
1404 Rodman Street
Hollywood, FL 33020

Westlake Retail LP

℅ Joshua D. Bradley
Rosenberg Martin Greenberg, LLP
25 South Charles Street, Suite 2115
Baltimore, MD 21201

**TOP 20 CREDITORS**

AmeriCold Logistics, LLC
11850 Center Road
San Antonio, Texas 78223

The Stewart Center, Inc.
5120 Broadway
San Antonio, TX 78209

Akin, Doherty, Klein & Feuge, P.C.
8610 N. New Braunfels
Suite 101
San Antonio, TX 78217

Bates Container
P. O. Box 1359
Von Ormy, TX 78073

Ben E. Keith Foods
Attn: David Greenlee, General Counsel
601 E. Seventh Street
Ft. Worth, Texas 76102-5501

Hart Employments Services
220 S. Kenwood Street
Suite 320
Glendale, CA 91205

J Anthony's Refrigeration, Inc.
20770 Hwy 281 North
Suite 108-606
San Antonio, TX 78258

Mission Restaurant Supply
Attn: Bankruptcy Dept.
1126 S. St. Mary's Street
San Antonio, Texas 78210-1244

Pack-Mark, Inc.
1375 E. Bitters Road
San Antonio, TX 78216

Smeltzer Orchard Co.
6032 Joyfield Road
Frankfort, MI 49635

TCA Fund Managment Group
C/O Bob Press, CEO
1404 Rodman Street
Hollywood, FL 33020

Tea & Coffee America
1070 Lindbergh Drive
Beaumont, TX 77707

Texas State Comptroller
Comptroller of Public Accounts
P. O. Box 149355
Austin, TX 78714

Unifirst Corporation
3047 E. Commerce Street
San Antonio, TX 78220-1036

UPS
P. O. BOX 7247-0244
Philadelphia, PA 19170

Village at Allen, LP
The Village at Fairview
329 Town Place
Fairview, TX 75069-1825

Don Merrill Jr.
Don Merrill Sr.
7731 Broadway St, Apt 314C
San Antonio, TX 78209

KeHe Distributors
c/o Kohner, Cmann & Kailas
4650 N. Port Washington Rd. 2nd Floor
Milwaukee, WI 53212

Karen Williams
7731 Broadway Street, Apt. 314C
San Antonio, Texas 78209

Amado Mesta
2502 Steepleway
San Antonio, Texas 78248